FILED

**NOT FOR PUBLICATION**

FEB 09 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRADLEY D. AUSMUS and ELIZABETH A. AUSMUS, <br><br> Plaintiffs-Appelants, <br><br> v. <br><br> LEXINGTON INSURANCE COMPANY; AMERICAN INTERNATIONAL GROUP, INC. DOES 1-100, INCLUSIVE <br><br> Defendants-Appellees. | Nos. 09-55831 <br> 09-56137 <br><br> D.C. No. 3:08-cv-2342-L-LSP <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
M. James Lorenz, District Judge, Presiding

Argued and Submitted November 3, 2010
Pasadena, California

Before: GOODWIN and RAWLINSON, Circuit Judges, and ZOUHARY, District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Jack Zouhary, United States District Judge for the
Northern District of Ohio, sitting by designation.

This is an insurance coverage dispute filed by Bradley and Elizabeth Ausmus (the "Ausmuses") against Lexington Insurance Company and American International Group, Inc. (collectively "Lexington"). (AIG was the parent company of Lexington.) The Ausmues are seeking insurance coverage for defective work performed by a contractor, a Lexington insured. The district court dismissed the Complaint pursuant to Federal Civil Rule 12(b)(6), finding the claims were barred by one of the policy exclusions. A later Motion to Vacate Judgment was denied.

The district court concluded the policy exclusion was (a) plain, clear and conspicuous, and (b) the insurer was not required to provide its insured with advance notice of the reduction in coverage. The district court also concluded that the Ausmuses failed to raise their California common law argument in opposition to the Motion to Dismiss, thereby waiving that argument in their later Motion to Vacate Judgment.

This court reviews *de novo* a district court's grant of a Rule 12(b)(6) motion to dismiss, *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), and the denial of a motion under Rule 59(e) to alter or amend the judgment for an abuse of discretion, *Ta Chong Bank Ltd. v. Hitachi High Techs. Am., Inc.*, 610 F.3d 1063, 1066 (9th Cir. 2010) (citing *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003)).

After carefully reviewing the record, the applicable law, and the parties' briefs, we are convinced that the district court did not err in its conclusions. As the district court's opinions carefully and correctly set out the law governing the issues raised, and clearly articulate the reasons underlying its decisions, issuance of a full written opinion by this Court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinions dated April 22, 2009 and July 15, 2009, respectively, we AFFIRM.